ORDERED in the Southern District of Florida on $\underline{Jan\ 25, 2008}$



_____
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In Re:

SENTINEL FUNDS, INC.,

Case No. 06-11822-BKC-JKO

Chapter 7

Debtor.
_____/

## ORDER ON TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH NEIL BARITZ AND BARITZ & COLMAN, LLP

Leslie Osborne, the chapter 7 trustee (the "Trustee") has moved to settle disputes with Neil Baritz and his law firm, Baritz & Colman, LLP (collectively, "Baritz"). As part of that settlement, the Trustee seeks entry of a bar order which would prohibit third parties from pursuing any claims which they may have against Baritz arising out of matters related to the Debtor's case. I conclude on the basis of the record that the settlement itself should be approved, but the requested bar order should be denied because it is not integral to the settlement.

## Background

The Debtor purported to operate as an investment fund. It appears that a substantial portion of the funds which it raised from third parties – in excess of $17 million – were subsequently embezzled or otherwise stolen; substantial litigation against various alleged transferees and intermediaries is pending. Baritz provided legal services to the Debtor prior to the filing of its bankruptcy petition, and both the Trustee and various creditors have brought claims against Baritz. Specifically, certain third parties (who are also creditors of the Debtor) sued Baritz in the Circuit Court for Broward County, Florida, in an action styled *Novotny Family Trust, etc., et al. v. Fleet Bank, N.A., Neil Baritz, individually, and Baritz & Colman, LLP, et al.,* Case No. 07-3636 (the "Novotny Litigation"). The Plaintiffs in the Novotny Litigation alleged that Baritz made fraudulent representations to them in its capacity as the Debtor's counsel. A substantial majority of the holders of claims against the Debtor's estate are Plaintiffs in the Novotny Litigation. Significantly, two large claimants here, William Hernandez Pellot ("Hernandez") and Pasquale Ranghelli ("Ranghelli"), each of which asserts a claim of $2 million against the Debtor, are not Plaintiffs in the Novotny Litigation. Hernandez and Ranghelli oppose the entry of any bar order which would preclude them from suing Baritz.

In addition, the Trustee filed an adversary proceeding in this Court, styled *Osborne, Trustee v. Baritz and Baritz & Colman, LLP,* Adversary Proceeding No. 07-1405 (the "Trustee Litigation"). Baritz answered the complaint and asserted counterclaims against the Debtor's estate.

It is represented to me that Baritz is the insured under a "burn off" professional negligence insurance policy with a face amount of $1 million. Under the terms of that policy, legal fees incurred in defending claims against Baritz reduce *pro tanto* the amount of insurance coverage available to pay

claims against Baritz. As of the date of the settlement among the Novotny Litigation Plaintiffs, the Trustee, and Baritz, the balance available to pay claims under that policy had been reduced to $945,000.

Under the settlement reached among the Novotny Litigation Plaintiffs, the Trustee, and Baritz, that balance is to be split, with $472,500 paid to the Novotny Litigation Plaintiffs and $472,500 paid to the Trustee. As part of the settlement with the Trustee, Baritz waives all claims against the Debtor's estate and the Trustee agrees to seek a bar order which would operate to prevent any third parties from asserting claims against Baritz arising out of its representation of the Debtor. The entry of a bar order by the Court is not a condition of the settlement between Baritz and the Trustee, but in the event that a bar order is not entered, Baritz will not be precluded from asserting indemnity or contribution claims against the Debtor's estate if it is found liable to other parties.

In addition to the objection filed by Hernandez and Ranghelli, Bank of America, N.A. ("BofA") has objected to the entry of a bar order. BofA is the successor by merger to Fleet Bank, N.A., which allegedly assisted in the fraud by which some $17 million was looted. BofA is a defendant in an adversary proceeding brought by the Trustee seeking, among other things, damages in that amount. BofA currently has pending an action against Baritz in the Circuit Court for Palm Beach County.

### Discussion

The standards under which a settlement is to be considered are set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990). I am required to consider (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

**Probability of success.** Baritz has asserted significant defenses to the Trustee's claims. The merits of those claims is difficult for me to assess at this point in the litigation.

**Collection problems.** Florida's state exemption and immunity laws make collection against individuals difficult in many circumstances. As a general proposition, the assets of a law firm which are ultimately available to creditors are meager. The only clear fund against which the Trustee could recover from Baritz is the $472,500 balance in the declining balance malpractice policy.

**Complexity and cost of the litigation.** This litigation is both complex and expensive. The allegations of fraud made in related litigation (including that against BofA) make clear that documentation and other evidence from uncooperative third parties, including evidence from various parties outside the United States, will be required. Meanwhile, Baritz has a legal defense fund with a balance of $472,500; the use of that fund for Baritz's defense means that the fund available for collection if the Trustee wins will be reduced in an equivalent amount.

**The paramount interest of creditors.** No party in interest has opposed the settlement itself. Rather, Hernandez and Ranghelli, and BofA, object only to the entry of any bar order which would prevent them from asserting their own claims against Baritz.

### Settlement approved; Bar Order rejected

Based upon my analysis of the *Justice Oaks II* factors, I conclude that the settlement whereby the estate will recover $472,500 from Baritz should be approved. No party in interest opposed the settlement, and it is certainly within the range of reasonable litigation results.

The requested bar order is a different matter. Although the entry of bar orders which preclude third parties from pursuing independent claims is permitted under 11 U.S.C. § 105, such orders constitute an extraordinary remedy which are generally justifiable only where the bar order is integral

to the settlement. *Matter of Munford, Inc.,* 97 F.3d 449 (11th Cir. 1996). The bar order sought here is not integral to the settlement; the only requirement in the settlement agreement insofar as the bar order is concerned is that the Trustee use his best efforts to obtain it. The Trustee has fulfilled his end of the bargain and has argued in good faith in favor of the entry of a bar order.

I conclude, however, that the rights of Hernandez and Ranghelli, and of BofA, militate against the entry of such an order.[1] The only benefit which the Debtor's estate would experience from a bar order is the preclusion of Baritz's assertion of indemnity or contribution claims against the Debtor's estate. Such claims are, at this point, merely speculative. The automatic stay in this case will operate to preclude the estate from being dragged into other litigation against Baritz. Looked at from a slightly different perspective, if indemnity claims are successfully asserted by Baritz somewhere down the road – a wholly speculative result – the most logical net effect is that such claims would operate to reduce the funds available in the estate for distribution to the Novotny Litigation Plaintiffs, who have already received the benefit of $472,500 under their separate settlement with Baritz.[2] In any event, if the Baritz well is a dry hole after the malpractice policy limits are used up, as the Trustee implicitly argues in advocating the settlement, then the risk that Baritz may ultimately pay on claims asserted by Hernandez and Ranghelli and thereby become entitled to indemnification appears to be low.

For the foregoing reasons, it is ORDERED:

---

[1] Insofar as I am aware, these three are the only parties who would be adversely affected by the entry of a bar order, which would have the effect of terminating their already-pending litigation against Baritz.

[2] Hernandez and Ranghelli argue that it was "unconscionable" for Baritz's malpractice insurer not to settle with them at the same time it settled with the Trustee and the Novotny Litigation Plaintiffs. The scenario described above appears to be another manifestation of the maxim "what goes around, comes around."

1. The Trustee's motion is GRANTED to the extent that the settlement between Baritz and the Trustee is hereby APPROVED, and the Trustee is hereby AUTHORIZED to take such actions as may be necessary and appropriate to implement the terms of the settlement.

2. The Trustee's motion is DENIED insofar as it requests the entry of an order barring third parties from asserting claims against Baritz.

###

Copies to:

David C. Cimo, Esquire

Mr. Cimo is hereby directed to serve a copy of the foregoing on all parties in interest and to file a certificate of service.